STOKER, Judge.
Elvis Picard was involved in an altercation at the House of Wheels Skating Center, a Lafayette establishment operated and partly owned by Frank and Deborah Torries. On May 2, 1981, Picard, then 16, entered the rink with a friend. Various accounts were given as to how the argument began, but at some point Picard was told by Deborah Torries to take off his skates and leave the premises. Picard refused to leave and addressed Mrs. Torries using foul language. Frank Torries was alerted to the problem, argued with Picard, then told Picard that he was not to leave until Torries called the police. There was some testimony to the effect that Torries grabbed Picard and pinned him up against the wall during the argument. Torries claims that he never touched Picard. Pi-card either ran or was thrown out of an emergency exit on the side of the building. As he went through the doorway, he ran into 15-year-old Kelly Touchet, a patron who sometimes worked as a floor guard to pay his admission. Picard either fell to the ground (there was a steep step just outside the door), or was thrown down by Touchet. Somewhere in the fracas, Picard’s arm was broken. After a struggle, Picard ran off of the premises, into the street, and began to shout at Touchet. Touchet came after him and the two fought. Picard ran to a nearby gas station and called the police.
Picard’s mother sued the House of Wheels and Frank Torries for Picard’s general and special damages. Elvis Picard apparently reached the age of majority pri- or to trial. Insofar as we can tell from the record, Elvis Picard was never substituted as a party plaintiff for his general damages. Nevertheless, the judgment of the trial court gave judgment in damages to Mildred Picard and Elvis Picard. The award was $3,500, but there was no breakdown between special and general damages. Under the terms of the judgment the $3,500 award was made to “Mildred and Elvis Picard.” Under the findings of fact made by the trial court, Mildred Picard would not be entitled to any special damages.
The trial testimony was so contradictory that the trial judge felt compelled to comment that “there’s a whole lot of lying going on, which I don’t appreciate; especially that people won’t pay any attention to an oath.” He concluded that Frank Tor-ries assaulted Picard and restrained him from leaving the rink. However, he found that Torries was not Kelly Touchet’s employer and did not instigate the fights between Touchet and Picard. The judge held that Picard’s arm was broken when he extended it as he jumped out of the side door, not as a result of Touchet’s actions. The Picards were awarded $3,500 for the assault and restraint by Torries. The trial court did not mention special damages in its reasons for judgment. As we read the reasons for judgment, the $3,500 award was intended to cover Elvis Picard’s general damages only.
The Picards appeal, arguing that the damage award is inadequate. Plaintiffs claim that the special damages in connection with Elvis’ broken arm exceeded $5,000, and that he is entitled to general damages in addition to that. The defendants argue that the $3,500 ,was intended to compensate Elvis Picard for the assault by Torries, in which Picard was not injured, and in their answer to the appeal assert *966 that the award was excessive because Pi-card provoked the incident.
We find no error in the findings of fact made by the trial judge. Though the testimony is contradictory, there is sufficient evidence to show that Elvis Picard uttered curses directed to Mrs. Torries, as a result of which Frank Torries “pushed or assaulted Elvis,” then ordered the boy not to leave until the police arrived. It was Picard’s decision to run through the side door that led to his broken arm. Torries was not responsible for the injury or for the actions of Kelly Touchet in further beating Picard. It is clear that the award of $3,500 was intended to compensate Picard only for the actions of Torries, which may well have gone beyond mere assault and have constituted a battery. If Torries went so far as to push Picard, he did not hurt or injure him.
Under the circumstances, we are not convinced that Picard was damaged to the extent of $3,500. Elvis brought most of his problems upon himself. He failed to follow skating rink procedures, and cursed a floor guard and Mrs. Torries. Picard’s actions may not have justified Torries’ reaction, but they certainly affected any general damages he may have suffered. He was not physically injured by Torries. In light of the facts, the trial court’s award was beyond its discretion. We believe $500 is the highest award that could have been made. Therefore, we amend the judgment to award the Picards $500, together with costs of court and interest from date of judicial demand. The costs of this appeal are assessed to the plaintiff.
AMENDED AND AFFIRMED AS AMENDED.